UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:04CV01554 ERW ) |
| GUY ROGERS et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

This matter comes before the Court upon Plaintiff's Motion to Compel [doc. #50]. Plaintiff requests that Defendants be ordered to: (1) respond to Plaintiff's First Request for Production of Documents, Nos. 4, 5, 7-10, 12-16, 18, 20-35;[1] (2) respond to Plaintiff's Revised First Set of Interrogatories, No. 19; and (3) provide certain information in accordance with Defendants' duty to provide initial disclosures. In support of its Motion, Plaintiff argues that Defendants' objections to Plaintiff's Document Requests are improper and unwarranted, especially in light of the protective order already entered in this case. Plaintiff further argues that Defendants' objection to Interrogatory 19 is unwarranted and unsupported. Defendants object to the Motion, stating that they have provided all documents in their possession, custody, or control that are the subject of legitimate discovery in this case. Defendants further state that they have complied in full with their discovery obligations in this case.

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is

---

[1] During the hearing on this matter, Plaintiff withdrew that portion of its Motion pertaining to Document Request 19. Therefore, the Court will not address Document Request 19.

1

relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Importantly, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiff's First Request for Production of Documents, Nos. 4, 5, 7-10, 12-16, 18, and 20-34, and Plaintiff's Revised First Set of Interrogatories, No. 19, all appear reasonably calculated to lead to the discovery of admissible evidence. The information sought relates to issues such as Defendants' business dealings, communications, contacts, associations, sales activities, commissions, and financial information. These items are relevant to the claims and defenses at issue in this case and are reasonably calculated to lead to the discovery of admissible evidence. Defendants' arguments to the contrary are unpersuasive. Therefore, the Court will order Defendants to respond to these document and interrogatory requests. However, the Court will not order Defendants to respond to Document Request 35, in which Plaintiff requests documents regarding the financial net worth of any entity paying Defendants' litigation costs.

Plaintiff further contends that Defendants' initial disclosures list numerous witnesses without any accompanying information. Under the Rules of Civil Procedure, initial disclosures must include "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). Thus, the Court will also order that Defendants supplement their initial disclosures in accordance with Rule 26(a)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall respond in full to Plaintiff's First Request for Production of Documents, Nos. 4, 5, 7-10, 12-16, 18, and 20-34, and Plaintiff's Revised First Set of Interrogatories, No. 19, within **TEN (10)** days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants shall supplement their Rule 26 initial disclosures, including "if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information" within **TEN (10)** days of the date of this Order.

Dated this 9th day of September, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE